IN THE CIRCUIT COURT OF COLE COUNTY MISSOURI

| | |
|---|---|
| **JOSEPH JAGETZ,** <br> Individually And On Behalf Of <br> All Others, <br><br> Plaintiffs, <br><br> vs. <br><br> **HALDEX BRAKE PRODUCTS** <br> **CORPORATION** <br> Registered Agent: <br> CSC- Lawyers Incorp. Service Co. <br> 221 Bolivar <br> Jefferson City, MO  65101 <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No.: <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

**COMES NOW** the Plaintiff, Joseph Jagetz, by and through his attorneys, and on behalf of himself, the Putative Classes set forth below, and in the public interest, brings the following class action Petition against Defendant, Haldex Brake Products Corporation, ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

### PRELIMINARY STATEMENTS

1. Plaintiff brings this action against Defendant for violations of the FCRA.

2. Defendant obtained information concerning the Plaintiff from a third party.

3. Defendant paid a fee to the third party for the information it obtained concerning the Plaintiff.

4. The information obtained from the third party concerning the Plaintiff was a consumer report (as a consumer report is defined pursuant to the FCRA).

5. Defendant relies on information in consumer reports to make decisions regarding prospective or current employees.

6. Defendant relies on information in a consumer report, in whole or in part, as a basis for adverse employment action; such as a refusal to hire and/or termination.

7. Plaintiff asserts FCRA claims against Defendant on behalf of himself and a class of Defendant's employees and prospective employees whose rights under the FCRA were violated.

8. On behalf of himself and all class members, Plaintiff seeks statutory damages, punitive damages, costs and attorneys fees, and all other relief available pursuant to the FCRA.

## PARTIES

9. Plaintiff Jagetz is a resident of Kansas City, Missouri. Plaintiff is a member of the Putative Classes defined below.

10. Defendant is a foreign company doing business in Missouri and throughout the United States.

## JURISDICTION AND VENUE

11. This court has jurisdiction over Plaintiff's FCRA claim pursuant to 15 U.S.C. § 1681p and Article V, Section 14(a) of the Constitution of Missouri.

12. Venue is proper in this Court pursuant to R.S.Mo. 508.010.2(4).

## FACTUAL ALLEGATIONS

13. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

14. Plaintiff applied for employment with Defendant through a temporary staffing agency in or about March 2017.

15. Plaintiff interviewed with Ms. Soccoro and was hired the day he applied for employment.

16. Plaintiff started working for Defendant the day after the interview.

17. Plaintiff worked at the Haldex location for nearly five months without incident.

18. Plaintiff was called into Ms. Soccoro's office and offered a permanent position with Defendant in or about late July or early August 2017.

19. Plaintiff completed the paperwork for the permanent position on the day of the offer.

20. Plaintiff worked until August 11, 2017.

21. On or about August 11, 2017, Plaintiff was called into a meeting with Ms. Soccoro and Craig.

22. Plaintiff was informed that he was being terminated.

23. Plaintiff was informed by Ms. Soccoro and Craig that they believed he was being terminated because of information in his consumer report.

24. Plaintiff was asked to leave the premises and told not to return to work the following day.

25. Plaintiff was not given time to dispute or otherwise address the information in his consumer report.

26. Plaintiff was not given a copy of his consumer report or his Summary of Rights.

27. Defendant's procurement of a consumer report resulted in the temporary staffing agency removing the Plaintiff from the Defendant's premises and cost him wages and benefits.

28. Plaintiff does not know what information in his consumer report is being used against him.

29. Defendant's actions caused the Plaintiff stress and anxiety.

30. Defendant's failure to abide by the provisions of the FCRA and provide the Plaintiff with a copy of his consumer report so that he would have an opportunity to dispute or otherwise address the information being used against him caused him lost opportunity, lost wages, and anxiety.

31. Had the Defendant abided by the FCRA, and given the Plaintiff an opportunity to address the information in his consumer report, the Plaintiff may have been able to maintain his employment.

32. Had the Defendant abided by the FCRA, and given the Plaintiff a copy of his consumer report and Summary of Rights, the Plaintiff would have been able address the information being used against him.

33. Denying the Plaintiff a job because of his consumer report is an adverse action (as an adverse action is defined pursuant to the FCRA).

34. Plaintiff was not provided with a reasonable amount of time to challenge any inaccuracy that may have been present within the consumer report.

35. Plaintiff was not provided with an FCRA summary of rights prior to the adverse action that was based upon his consumer report.

36. Plaintiff was not give a full copy of his consumer report prior to the adverse action.

37. On information and belief, Defendant contracted with the third party that provided the consumer report that it would provide a copy of the consumer report and a copy of the FCRA Summary of Rights before any adverse action was taken based in whole or in part on information contained within a consumer report.

38. The agreements made between the Defendant and the consumer reporting agency

providing the consumer report require the Defendant to abide by the protections provided by 15 U.S.C. §1681b(b)(2) and b(b)(3).

39. Plaintiff was a third party beneficiary of Defendant's agreements to abide by the provisions of the FCRA.

40. Defendant's breach of this agreement harmed the Plaintiff.

41. Defendant is aware of the FCRA.

42. Defendant has knowledge that it must comply with the FCRA.

43. Despite having knowledge of the requirements of the FCRA, Defendant failed to comply with the FCRA.

44. Defendant's failure to provide the Plaintiff with a copy of the consumer report, a reasonable notice period in which to challenge any inaccuracy in the consumer report, or a written description of rights under the FCRA prior to the adverse action, constitutes multiple violations of the FCRA.

45. Defendant's violations of the FCRA combined with its knowledge of the requirements of the FCRA is evidence that the Defendant's violations were willful.

46. The manner in which the Defendant obtained a consumer report on the Plaintiff is consistent with its policies and procedures governing the procurement of consumer reports on individuals for employment purposes.

## CLASS ACTION ALLEGATIONS

47. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

48. Plaintiff asserts the following adverse action class defined as:

**Proposed Adverse Action Class:** All employees or prospective employees of Defendant that suffered an adverse employment action on or after September 6,

2012, that was based, in whole or in part, on information contained in a consumer report, and who were not provided a copy of such report, a reasonable notice period in which to challenge any inaccuracy in the consumer report, and/or a written description of their rights in accordance with the FCRA in advance of said adverse employment action.

### Numerosity

49. The proposed class is so numerous that joinder of all class members is impracticable. Defendant regularly obtains and uses information in consumer reports to evaluate individuals for employment purposes. Defendant relies on the information contained it said consumer reports, in whole or in part, as a basis for adverse employment action. Given the number of employees working for the Defendant, Plaintiffs believe that during the relevant time period, a sufficient number of Defendant's employees and prospective employees would fall within the definition of the class.

### Common Questions of Law and Fact

50. Virtually all of the issues of law and fact in this class action or, to the class predominate over any questions affecting individual class members. Among the questions of law and fact common to the class are:

    a. Whether Defendant uses consumer report information to evaluate individuals for employment purposes;

    b. Whether Defendant violated the FCRA by taking adverse action against Plaintiff and other members of the Adverse Action class on the basis of information in a consumer report, without first providing a copy of the report to the affected individuals;

    c. Whether the Defendant violated the FCRA by failing to provide the Plaintiff and other members of the Adverse Action Class with a reasonable amount of time to cure any inaccuracy within the consumer report prior to the adverse employment action;

d. Whether Defendant's violations of the FCRA were willful;

e. The proper measure of statutory damages and punitive damages.

### Typicality

51. Plaintiff's claims are typical of the members of the proposed class. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members. Defendant typically uses consumer reports to take adverse actions but fails to provide the consumer a copy of the report before taking an adverse employment action based on information contained in said report. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members and the Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

### Adequacy of Representation

52. Plaintiff, as representative of the class, will fairly and adequately protect the interests of the class and has no interest that conflict with or are antagonistic to the interest of the class members. Plaintiff has retained attorneys competent and experienced in class action litigation. No conflict exists between Plaintiff and members of the class.

### Superiority

53. A class action is superior to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

54. This case is maintainable as a class action under Rule 52 of the Missouri Rules of Civil Procedure because prosecution of actions by or against individual members

of the putative class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class member's claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

55. This case is maintainable as a class action under Rule 52 of the Missouri Rules of Civil Procedure because Defendant has acted or refused to act on grounds that apply generally to the class, so that any final relief is appropriate respecting the class as a whole.

56. Class certification is also appropriate under Rule 52 of the Missouri Rules of Civil Procedure because questions of law and fact common to the putative class predominate over any questions affecting only individual members of the putative class, and because a class action superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against the Defendant, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result the inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all putative class

members' claims in a single forum.

57. Plaintiff intends to send notice to all members of the putative class to the extent required by Rule 52 of the Missouri Rules of Civil Procedure. The names and address of the potential class members are available from Defendant's records.

## FCRA VIOLATIONS

58. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

59. Defendant obtained a "consumer report," as defined by the FCRA, concerning the Plaintiff.

60. Defendant used a consumer report, as defined by the FCRA, to take adverse employment action against Plaintiff, and on information and belief, other members of the adverse action class.

61. Defendant violated the FCRA by failing to provide Plaintiff, and other adverse action class members, with a copy of the consumer report that was used to take adverse employment action against them prior to the adverse action.

62. Defendant violated the FCRA by failing to provide the Plaintiff and other adverse action class members with a reasonable time to cure any inaccuracies within the consumer reports prior to the adverse action.

63. Had Defendant complied with the FCRA, Plaintiff would have been given a copy of the Summary of Rights.

64. Had Defendant complied with the FCRA, Plaintiff would have been given more time to review, dispute and/or address the information contained in the consumer report.

65. Plaintiff was not provided with a reasonable amount of time to challenge any

inaccuracy that may have been present within the consumer report before the termination.

66. Plaintiff was not provided with a FCRA Summary of Rights prior to the adverse action that was based in whole or in part upon the consumer report.

67. The Defendant's failure to provide the Plaintiff a copy of the consumer report or the FCRA Summary of Rights denied the Plaintiff a meaningful opportunity to address the information contained within the consumer report.

68. A copy of the Summary of Rights before termination would have helped the Plaintiff understand what his rights were and would have provided valuable information that may have assisted the Plaintiff in maintaining his employment.

69. Defendant's failure to provide the Plaintiff with a copy of the FCRA Summary of Rights caused an information injury.

70. Defendant's failure to abide by the mandates of the FCRA caused the Plaintiff lost wages, lost opportunity, and lost employment.

71. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff and other adverse action class members under the provisions of the FCRA. Defendant's willful conduct is reflected by, among other things, the following facts:

    a. Defendant has access to legal advice;

    b. Defendant committed multiple violations of the FCRA by not providing the Plaintiff with a copy of the consumer report, and not providing the Plaintiff with a reasonable notice period to cure inaccuracies before taking adverse employment action as mandated by the FCRA;

    c. The Defendant has ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the

FCRA; and

d. 15 U.S.C. §1681-1681y, requires credit agencies to provide notice to users of consumer reports of the users legal obligations under the FCRA prior to the procurement of consumer reports.

72. Plaintiff and the proposed class members are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

73. Plaintiff and the proposed class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

74. Plaintiff and the proposed class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

a. An Order that this action may proceed as a class action under Rule 52 of the Missouri Rules of Civil Procedure;

b. Order designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

c. Order directing proper notice to be mailed to the Putative Classes at Defendant's expense;

d. Order finding that Defendant committed multiple, separate violations of the FCRA;

e. Order finding that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations of the FCRA;

f. Order awarding statutory damages and punitive damages as provided the

FCRA;

g. Order awarding reasonable attorneys' fees and costs as provided by the FCRA; and

h. Order granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## Demand for Jury Trial

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff and all members of the proposed class have a right to jury trial.

By: /s/ C. Jason Brown
Charles Jason Brown MO 49952
Jayson A. Watkins MO 61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF



# IN THE 19TH JUDICIAL CIRCUIT COURT, COLE COUNTY, MISSOURI

| Judge or Division:<br>DANIEL RICHARD GREEN | Case Number: 17AC-CC00476 |
|---|---|
| Plaintiff/Petitioner:<br>JOSEPH JAGETZ<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CHARLES JASON BROWN<br>301 S US HIGHWAY 169<br>GOWER, MO 64454-9116 |
| Defendant/Respondent:<br>HALDEX BRAKE PRODUCTS CORPORATION | Court Address:<br>301 E HIGH<br>JEFFERSON CITY, MO 65101 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: HALDEX BRAKE PRODUCTS CORPORATION
Alias:
C/O CSC-LAWYERS INCORP SERVICE
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

Thursday, September 07, 2017
Date

*COLE COUNTY*

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).
☐ other _____
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

Printed Name of Sheriff or Server    Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____
Date    Notary Public

**Sheriff's Fees**
Summons $_____
Non Est $_____
Sheriff's Deputy Salary
Supplemental Surcharge $ 10.00
Mileage $_____ (_____ miles @ $_____ per mile)
Total $_____

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (SMCC) *For Court Use Only*: Document Id # 17-SMCC-777    1 of 1    Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 2:17-cv-04198-BCW   Document 1-1   Filed 10/06/17   Page 13 of 13