IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

JOSEPH JAGETZ, )
Individually And On Behalf Of )
All Others, )
                              Plaintiffs, )
vs. )     Case No.: 17-cv-4198-WJE
HALDEX BRAKE PRODUCTS )
CORPORATION, )
                              Defendant. )

## FIRST AMENDED ANSWER TO COMPLAINT

For its First Amended Answer and Affirmative and Additional Defenses to the Complaint filed in the above captioned matter, Defendant Haldex Brake Products Corporation ("Haldex" or "Defendant") states as follows:

## INTRODUCTION

1. Plaintiff brings this action against Defendant for violations of the FCRA.

**ANSWER:** **With respect to Paragraph 1 of the Complaint, Defendant admits only that Plaintiff purports to bring this action for alleged violations of the FCRA. Defendant denies all other allegations of that Paragraph, and specifically denies that it violated the FCRA or any other law.**

2. Defendant obtained information concerning the Plaintiff from a third party.

**ANSWER:** **Defendant admits the allegations in Paragraph 2 of the Complaint.**

3. Defendant paid a fee to the third party for the information it obtained concerning the Plaintiff.

**ANSWER:** **Defendant admits the allegations in Paragraph 3 of the Complaint.**

4. The information obtained from the third party concerning the Plaintiff was a consumer report (as a consumer report is defined pursuant to the FCRA).

**ANSWER:  Defendant admits that it obtained a consumer report about Plaintiff. Defendant denies any remaining allegations in Paragraph 4 of the Complaint**.

5. Defendant relies on information in consumer reports to make decisions regarding prospective or current employees.

**ANSWER:  With respect to Paragraph 5 of the Complaint, Defendant admits only that, in some instances, as one part of employment decisions regarding persons who apply for employment with Defendant, it may consider information in a consumer report. Defendant denies all other allegations of that Paragraph.**

6. Defendant relies on information in a consumer report, in whole or in part, as a basis for adverse employment action; such as a refusal to hire and/or termination.

**ANSWER:  With respect to the allegations of Paragraph 6 of the Complaint, Defendant admits only that, in some instances, it may consider information in a consumer report in connection with employment decisions relating to hiring and termination.  Defendant denies all other allegations of that Paragraph.**

7. Plaintiff asserts FCRA claims against Defendant on behalf of himself and a class of Defendant's employees and prospective employees whose rights under the FCRA were violated.

**ANSWER:  With respect to Paragraph 7 of the Complaint, Defendant admits only that Plaintiff purports to bring this action for alleged violations of the FCRA on behalf of himself and others.  Defendant denies all other allegations of that Paragraph, and specifically denies that class treatment is appropriate in this action and denies that it violated the FCRA or any other law.**

8. On behalf of himself and all class members, Plaintiff seeks statutory damages, punitive damages, costs and attorneys fees, and all other relief available pursuant to the FCRA.

**ANSWER:  Defendant admits only that Plaintiff purports to assert claims under the FCRA and has requested statutory damages, punitive damages, costs and attorneys' fees.**

**Defendant denies that it violated the FCRA or any other law, denies that class treatment is appropriate in this action, and denies that Plaintiff is entitled to any relief whatsoever. Defendant further denies any other allegations of Paragraph 8.**

## PARTIES

9. Plaintiff Jagetz is a resident of Kansas City, Missouri. Plaintiff is a member of the Putative Classes defined below.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 9 of the Complaint. In further response, Defendant denies that class treatment is appropriate in this action.**

10. Defendant is a foreign company doing business in Missouri and throughout the United States.

**ANSWER: With respect to Paragraph 10 of the Complaint, Defendant admits only that it is a company formed under the laws of Delaware with its principal place of business in Missouri. Defendant denies all other allegations of that Paragraph.**

## JURISDICTION AND VENUE

11. This court has jurisdiction over Plaintiff's FCRA claim pursuant to 15 U.S.C. § 1681p and Article V, Section 14(a) of the Constitution of Missouri.

**ANSWER: Defendant states that it has removed this case to the United States District Court for the Western District of Missouri, which has jurisdiction over Plaintiff's claims. Defendant denies all other allegations of that Paragraph.**

12. Venue is proper in this Court pursuant to R.S.Mo. 508.010.2(4).

**ANSWER: Defendant states that it has removed this case to the United States District Court for the Western District of Missouri, which has jurisdiction over Plaintiff's claims. Defendant denies all other allegations of that Paragraph but does not contest venue in this Court.**

# FACTUAL ALLEGATIONS

13. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

**ANSWER:** **Defendant incorporates its foregoing responses to Paragraphs 1-12 of Plaintiff's Complaint as if fully set forth herein.**

14. Plaintiff applied for employment with Defendant through a temporary staffing agency in or about March 2017.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 14 of the Complaint. In further response, Defendant denies that class treatment is appropriate in this action.**

15. Plaintiff interviewed with Ms. Soccoro and was hired the day he applied for employment.

**ANSWER:** **With respect to Paragraph 15 of the Complaint, Defendant admits only that Plaintiff interviewed with Socorro Baez and that the temp agency placed Plaintiff with Defendant. Defendant denies all other allegations of that Paragraph.**

16. Plaintiff started working for Defendant the day after the interview.

**ANSWER:** **With respect to Paragraph 16 of the Complaint, Defendant admits only that the temp agency placed Plaintiff with Defendant, where he began working the day after Plaintiff's interview with Ms. Baez. Defendant denies all other allegations of that Paragraph. Defendant further states that Plaintiff remained employed by the temp agency.**

17. Plaintiff worked at the Haldex location for nearly five months without incident.

**ANSWER:** **Defendant admits the allegations in Paragraph 17 of the Complaint.**

18. Plaintiff was called into Ms. Soccoro's office and offered a permanent position with Defendant in or about late July or early August 2017.

**ANSWER:** **With respect to Paragraph 18 of the Complaint, Defendant admits only that Plaintiff was offered a position that was contingent upon the successful completion of a**

drug screen and background investigation.  Defendant denies all other allegations of that Paragraph.

19. Plaintiff completed he paperwork for the permanent position on the day of the offer.

**ANSWER:** **With respect to Paragraph 19 of the Complaint, Defendant admits only that Plaintiff signed several forms that he dated August 3, 2017 related to the contingent offer. Defendant denies all other allegations of that Paragraph.**

20. Plaintiff worked until August 11, 2017.

**ANSWER:** **Defendant admits the allegations in Paragraph 20 of the Complaint.**

21. On or about August 11, 2017, Plaintiff was called into a meeting with Ms. Soccoro and Craig.

**ANSWER:** **Defendant admits that on or about August 11, 2017, Plaintiff was called into a meeting with Soccoro Baez and Craig Lemons.**

22. Plaintiff was informed that he was being terminated.

**ANSWER:** **With respect to Paragraph 22 of the Complaint, Defendant admits only that Plaintiff talked with Soccoro Baez and Craig Lemons, and was told that his background check had come back, Defendant was rescinding the offer of employment, and that his assignment with Defendant through the temp agency was ending.  Defendant denies all other allegations of that Paragraph.**

23. Plaintiff was informed by Ms. Soccoro and Craig that they believed he was being terminated because of information in his consumer report.

**ANSWER:** **With respect to Paragraph 23 of the Complaint, Defendant admits only that Plaintiff talked with Soccoro Baez and Craig Lemons, and was told that his background check had come back, Defendant was rescinding the offer of employment, and that his assignment with Defendant through the temp agency was ending.  Defendant denies all other allegations of that Paragraph.**

24. Plaintiff was asked to leave the premises and told not to return to work the following day.

**ANSWER: Defendant denies the allegations in Paragraph 24 of the Complaint, and admits only that Plaintiff was not allowed to return to his assignment with Defendant.**

25. Plaintiff was told on August 11, 2017 that he was denied employment based on his consumer report, but the Plaintiff never received a pre-adverse action letter and copy of the consumer report.

**ANSWER: With respect to Paragraph 25 of the Complaint, Defendant admits only that Plaintiff was told that his background check had come back, Defendant was rescinding the offer of employment, and that his assignment with Defendant through the temp agency was ending, that Plaintiff did not receive a pre-adverse action letter or the consumer report. Defendant denies the remaining allegations in Paragraph 25 of the Complaint.**

26. Defendant's denial of employment prior to the receipt of the consumer report and the FCRA Summary of Rights left the Plaintiff confused.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 26 of the Complaint and therefore denies the allegations.**

27. Defendant's denial of employment prior to the receipt of the consumer report and the FCRA Summary of Rights left the Plaintiff confused regarding the ability to challenge any inaccuracy in the consumer report.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 27 of the Complaint that Plaintiff was confuse and therefore denies the allegations. Further, a representative of Haldex spoke with Plaintiff and verbally provided him with the information on the report, gave him an opportunity to state whether there were errors, and he agreed that the report was correct. Plaintiff was told that if there were inaccuracies, he could follow instructions on the EBI**

**form to correct those errors and was provided a copy of that form. Defendant denies all remaining allegations in Paragraph 27.**

28. Defendant's denial of employment prior to the receipt of the consumer report and the FCRA Summary of Rights left the Plaintiff confused regarding if the information in the FCRA Summary of Rights applied to the Plaintiff.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 28 of the Complaint and therefore denies the allegations.**

29. Plaintiff was not given time to dispute or otherwise address the information in his consumer report.

**ANSWER: Defendant denies the allegations in Paragraph 29 of the Complaint.**

30. Plaintiff was not given a copy of his consumer report or his Summary of Rights.

**ANSWER: Defendant admits the allegations in Paragraph 30 of the Complaint that Plaintiff was not given a copy of his consumer report but denies the remaining allegations of that Paragraph.**

31. Plaintiff does not know what information in his consumer report is being used against him.

**ANSWER: Defendant denies the allegations in Paragraph 31 of the Complaint.**

32. Defendant's actions caused the Plaintiff stress and anxiety.

**ANSWER: Defendant denies the allegations in Paragraph 32 of the Complaint.**

33. Defendant's failure to abide by the provisions of the FCRA and provide the Plaintiff with a copy of his consumer report so that he would have an opportunity to dispute or otherwise address the information being used against him caused him lost opportunity, lost wages, and anxiety.

**ANSWER: Defendant denies the allegations in Paragraph 33 of the Complaint.**

34. Had the Defendant abided by the FCRA, and given the Plaintiff an opportunity to address the information in his consumer report, the Plaintiff may have been able to maintain his employment.

**ANSWER:** **Defendant denies the allegations in Paragraph 34 of the Complaint.**

35. Had the Defendant abided by the FCRA, and given the Plaintiff a copy of his consumer report and Summary of Rights, the Plaintiff would have been able address the information being used against him.

**ANSWER:** **Defendant denies the allegations in Paragraph 35 of the Complaint.**

36. Denying the Plaintiff a job because of consumer report is an adverse action (as an adverse action is defined pursuant to the FCRA).

**ANSWER:** **With respect to Paragraph 36 of the Complaint, Defendant admits only that denying a job because of information in a consumer report can be an adverse action. Defendant denies all other allegations of that Paragraph, and specifically denies any wrongdoing.**

37. Plaintiff was not provided with a reasonable amount of time to challenge any inaccuracy that may have been present within the consumer report.

**ANSWER:** **Defendant denies the allegations in Paragraph 37 of the Complaint.**

38. Plaintiff was not provided with an FCRA summary of rights prior to the adverse action that was based upon his consumer report.

**ANSWER:** **Defendant denies the allegations in Paragraph 38 of the Complaint.**

39. Plaintiff was not give a full copy of his consumer report prior to the adverse action.

**ANSWER:** **Defendant admits the allegations in Paragraph 39 of the Complaint.**

40. On information and belief, Defendant contracted with the third party that provided the consumer report that it would provide a copy of the consumer report and a copy of the FCRA Summary of Rights before any adverse action was taken based in whole or in part on information contained within a consumer report.

**ANSWER:** **Defendant is unable to understand this allegation as written and therefore denies the allegations in Paragraph 40 of the Complaint.**

41. The agreements made between the Defendant and the consumer reporting agency providing the consumer report require the Defendant to abide by the protections provided by 15 U.S.C §1681b(b)(2) and b(b)(3).

**ANSWER:** **Defendant admits the allegations in Paragraph 41 of the Complaint.**

42. Plaintiff was a third party beneficiary of Defendant's agreements to abide by the provisions of the FCRA.

**ANSWER:** **Defendant denies the allegations in Paragraph 42 of the Complaint.**

43. Defendant's breach of this agreement harmed the Plaintiff.

**ANSWER:** **Defendant denies the allegations in Paragraph 43 of the Complaint.**

44. Defendant is aware of the FCRA.

**ANSWER:** **Defendant admits the allegations in Paragraph 44 of the Complaint.**

45. Defendant has knowledge that it must comply with the FCRA.

**ANSWER:** **Defendant admits that it is required to comply with those sections of the FCRA that apply to it. Defendant denies any remaining allegations in Paragraph 45 of the Complaint.**

46. Despite having knowledge of the requirements of the FCRA. Defendant failed to comply with the FCRA.

**ANSWER:** **Defendant denies the allegations in Paragraph 46 of the Complaint.**

47. Defendant's failure to provide the Plaintiff with a copy of the consumer report, a reasonable notice period in which to challenge any inaccuracy in the consumer report, or a written description of rights under the FCRA prior to the adverse action, constitutes multiple violations of the FCRA.

**ANSWER:** **Defendant denies the allegations in Paragraph 47 of the Complaint.**

48. Defendant's violations of the FCRA combined with its knowledge of the requirements of the FCRA is evidence that the Defendant's violations were willful.

**ANSWER:** **Defendant denies the allegations in Paragraph 48 of the Complaint.**

49. The manner in which the Defendant obtained a consumer report on the Plaintiff is consistent with its policies and procedures governing the procurement of consumer reports on individuals for employment purposes.

**ANSWER:** **Defendant denies the allegations in Paragraph 49 of the Complaint.**

## CLASS ACTION ALLEGATIONS

50. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

**ANSWER:** **Defendant incorporates its foregoing responses to Paragraphs 1-49 of Plaintiff's Complaint as if fully set forth herein.**

51. Plaintiff asserts the following adverse action class defined as:

    **Proposed Adverse Action Class:** All employees or prospective employees of Defendant that suffered an adverse employment action on or after September 6, 2012, that was based, in whole or in part, on information contained in a consumer report, and who were not provided a copy of such report, a reasonable notice period in which to challenge any inaccuracy in the consumer report, and/or a written description of their rights in accordance with the FCRA in advance of said adverse employment action.

**ANSWER:** **With respect to Paragraph 51 of the Complaint, Defendant admits only that Plaintiff purports to define a proposed class. Defendant denies all other allegations of that Paragraph, and specifically denies that class treatment is appropriate in this action.**

### Numerosity

52. The proposed class is so numerous that joinder of all class members is impracticable. Defendant regularly obtains and uses information in consumer reports to evaluate individuals for employment purposes. Defendant relies on the information contained it said consumer reports, in whole or in part, as a basis for adverse employment action. Given the number of employees working for the Defendant, Plaintiffs believe that during the relevant time period, a sufficient number of Defendant's employees and prospective employees would fall within the definition of the class.

**ANSWER:** **Defendant denies the allegations in Paragraph 52 of the Complaint, and specifically denies that class treatment is appropriate in this action.**

### Common Questions of Law and Fact

53. Virtually all of the issues of law in this class action or, to the class predominate over any questions affecting individual class members. Among the questions of law and fact common to the class are:

    a. Whether Defendant uses consumer report information to evaluate individuals for employment purposes;

    b. Whether Defendant violated the FCRA by taking adverse action against Plaintiff and other members of the Adverse Action class on the basis of information in a consumer report, without first providing a copy of the report to the affected individuals;

c. Whether the Defendant violated the FCRA by failing to provide the Plaintiff and other members of the Adverse Action Class with a reasonable amount of time to cure any inaccuracy within the consumer report prior to the adverse employment action;

d. Whether Defendant's violations of the FCRA were willful;

e. The proper measure of statutory damages and punitive damages.

**ANSWER:** **Defendant denies the allegations in Paragraph 53 of the Complaint, and specifically denies that class treatment is appropriate in this action.**

### Typicality

54. Plaintiff's claims are typical of the members of the proposed class. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members. Defendant typically uses consumer reports to take adverse actions but fails to provide the consumer a copy of the report before taking an adverse employment action based on information contained in said report. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members and the Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

**ANSWER:** **Defendant denies the allegations in Paragraph 54 of the Complaint, and specifically denies that class treatment is appropriate in this action.**

### Adequacy of Representation

55. Plaintiff, as representative of the class, will fairly and adequately protect the interests of the class and has no interest that conflict with or are antagonistic to the interest of the class members. Plaintiff has retained attorneys competent and experienced in class action litigation. No conflict exists between Plaintiff and members of the class.

**ANSWER:** **Defendant denies the allegations in Paragraph 55 of the Complaint, and specifically denies that class treatment is appropriate in this action.**

### Superiority

56. A class action is superior to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

**ANSWER:** Defendant denies the allegations in Paragraph 56 of the Complaint, and specifically denies that class treatment is appropriate in this action.

57. This case is maintainable as a class action under Rule 52 of the Missouri Rules of Civil Procedure because prosecution of actions by or against individual members of the putative class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class member's claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

**ANSWER:** Defendant denies the allegations in Paragraph 57 of the Complaint, and specifically denies that class treatment is appropriate in this action.

58. This case is maintainable as a class action under Rule 52 of the Missouri Rules of Civil Procedure because Defendant has acted or refused to act on grounds that apply generally to the class, so that any final relief is appropriate respecting the class as a whole.

**ANSWER:** Defendant denies the allegations in Paragraph 58 of the Complaint, and specifically denies that class treatment is appropriate in this action.

59. Class certification is also appropriate under Rule 52 of the Missouri Rules of Civil Procedure because questions of law and fact common to the putative class predominate over any questions affecting only individual members of the putative class, and because a class action superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against the Defendant, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result the inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all putative class members' claims in a single forum.

**ANSWER:** Defendant denies the allegations in Paragraph 59 of the Complaint, and specifically denies that class treatment is appropriate in this action.

60. Plaintiff intends to send notice to all members of the putative class to the extent required by Rule 52 of the Missouri Rules of Civil Procedure. The names and address of the potential class members are available from Defendant's records.

**ANSWER:** With respect to Paragraph 60 of the Complaint, Defendant admits only that Plaintiff has stated an intent to send notice to members of the proposed putative class. Defendant denies all other allegations of that Paragraph, and specifically denies that class treatment is appropriate in this action.

## FCRA VIOLATIONS

61. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

**ANSWER:** Defendant incorporates its foregoing responses to Paragraphs 1-60 of Plaintiff's Complaint as if fully set forth herein.

62. Defendant obtained a "consumer report," as defined by the FCRA, concerning the Plaintiff.

**ANSWER:** Defendant admits only that it received a copy of a consumer report concerning the Plaintiff and denies the remaining allegations in Paragraph 62 of the Complaint.

63. Defendant used a consumer report, as defined by the FCRA, to take adverse employment action against Plaintiff, and on information and belief, other members of the adverse action class.

**ANSWER:** Defendant denies the allegations in Paragraph 63 of the Complaint.

64. Defendant violated the FCRA by failing to provide Plaintiff, and other adverse action class members, with a copy of the consumer report that was used to take adverse employment action against them prior to the adverse action.

**ANSWER:** Defendant denies the allegations in Paragraph 64 of the Complaint.

65. Defendant violated the FCRA by failing to provide the Plaintiff and other adverse action class members with a reasonable time to cure any inaccuracies within the consumer reports prior to the adverse action.

**ANSWER:** Defendant denies the allegations in Paragraph 65 of the Complaint.

66. Had Defendant complied with the FCRA, Plaintiff would have been given a copy of the Summary of Rights.

13

Case 2:17-cv-04198-BCW   Document 11   Filed 11/02/17   Page 13 of 20

**ANSWER:** **Defendant denies the allegations in Paragraph 66 of the Complaint.**

67. Had Defendant complied with the FCRA, Plaintiff would have been given more time to review, dispute and/or address the information contained in the consumer report.

**ANSWER:** **Defendant denies the allegations in Paragraph 67 of the Complaint.**

68. Plaintiff was not provided with a reasonable amount of time to challenge any in accuracy that may have been present within the consumer report before the termination.

**ANSWER:** **Defendant denies the allegations in Paragraph 68 of the Complaint.**

69. Plaintiff was not provided with a FCRA Summary of Rights prior to the adverse action that was based in whole or in part upon the consumer report.

**ANSWER:** **Defendant denies the allegations in Paragraph 69 of the Complaint.**

70. The Defendant's failure to provide the Plaintiff a copy of the consumer report or the FCRA Summary of Rights denied the Plaintiff a meaningful opportunity to address the information contained within the consumer report.

**ANSWER:** **Defendant denies the allegations in Paragraph 70 of the Complaint.**

71. A copy of the Summary of Rights before termination would have helped the Plaintiff understand what his rights were and would have provided valuable information that may have assisted the Plaintiff in maintaining his employment.

**ANSWER:** **Defendant denies the allegations in Paragraph 71 of the Complaint.**

72. Defendant's failure to provide the Plaintiff with a copy of the FCRA Summary of Rights caused an information injury.

**ANSWER:** **Defendant denies the allegations in Paragraph 72 of the Complaint.**

73. Defendant's failure to abide by the mandates of the FCRA caused the Plaintiff lost wages, lost opportunity, and lost employment.

**ANSWER:** **Defendant denies the allegations in Paragraph 73 of the Complaint.**

74. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff and other adverse action class members under the provisions of the FCRA. Defendant's willful conduct is reflected by, among other things, the following facts:

   a. Defendant has access to legal advice;

   b. Defendant committed multiple violations of the FCRA by not providing the Plaintiff with a copy of the consumer report, and not providing the Plaintiff with a

14

Case 2:17-cv-04198-BCW   Document 11   Filed 11/02/17   Page 14 of 20

        reasonable notice period to cure inaccuracies before taking adverse employment action as mandated by the FCRA;

    c.    The Defendant has ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the FCRA; and

    d.    15 U.S.C. §1681-1681y, requires credit agencies to provide notice to users of consumer reports of the users legal obligations under the FCRA prior to the procurement of consumer reports.

**ANSWER:** **Defendant denies the allegations in Paragraph 74 of the Complaint.**

75.    Plaintiff and the proposed class members are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(1)(1)(A).

**ANSWER:** **Defendant denies the allegations in Paragraph 75 of the Complaint.**

76.    Plaintiff and the proposed class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

**ANSWER:** **Defendant denies the allegations in Paragraph 76 of the Complaint.**

77.    Plaintiff and the proposed class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

**ANSWER:** **Defendant denies the allegations in Paragraph 77 of the Complaint.**

    **WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

    a.    An Order that this action may proceed as a class action under Rule 52 of the Missouri Rules of Civil Procedure;

    b.    Order designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

    c.    Order directing proper notice to be mailed to the Putative Classes at Defendant's expense;

    d.    Order finding that Defendant committed multiple, separate violations of the FCRA;

e. Order finding that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations of the FCRA;

f. Order awarding statutory damages and punitive damages as provided [by] the FCRA;

g. Order awarding reasonable attorneys' fees and costs as provided by the FCRA; and

h. Order granting other and further relief, in law or equity, as this Court may deem appropriate and just.

**ANSWER:** **Defendant denies that it is liable, denies that it violated the FCRA or any other law or allege contractual obligation, and denies that Plaintiff is entitled to any relief whatsoever.**

## DEFENSES AND AFFIRMATIVE DEFENSES

In further answer to the Complaint, and as separate and distinct defenses, Defendant alleges the following affirmative and additional defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove. Defendant reserves the right to amend its Answer to assert any additional affirmative or other defenses as may become available or apparent during the course of litigation.

1. Plaintiff and the putative class have failed to state a claim upon which relief may be granted.

2. To the extent Plaintiff's or the putative class members' claims are based on acts that occurred prior to any applicable statute of limitations, such claims are time-barred.

3. Defendant maintained and followed reasonable procedures to ensure compliance with the FCRA and otherwise made good faith efforts to comply with FCRA.

4. Plaintiff and/or the putative class are not entitled to punitive damages because Defendant's reading of its obligations under the FCRA is not objectively unreasonable and no acts of omission of Defendant were made in willful violation of the FCRA.

5. Plaintiff and/or the putative class members lack standing to sue to the extent they have not sustained any injuries, damages, concrete harm and/or loss by reason of Defendant's acts. Plaintiff Jagetz has not sustained injury-in-fact because:

   a. The information in Plaintiff's background check was correct and accurate at the time Defendant review it, or if any inaccuracy existed, it was not material;

   b. Because the information in the background check was correct, Plaintiff did not sustain any injury-in-fact if he did not receive a copy of the background check report and/or have an opportunity to challenge that report;

   c. Any alleged failure to provide a copy of the Summary of Rights did not result in any concrete or particularized injury.

6. Plaintiff and/or the putative class members' claims may be barred, in whole or in part, by the doctrine of unclean hands because Plaintiff and/or member of the putative class misrepresented to Defendant that they had no prior felony convictions or made other misrepresentations on the employment application.

7. Any damages sustained by Plaintiff or the putative class members were not proximately caused by Defendant.

8. To the extent Plaintiff and/or the putative class failed to mitigate his/their alleged damages, his/their recovery, if any, must be reduced accordingly.

17

9. Plaintiff's class allegations should be dismissed, and certification and notice under Rule 52 of the Missouri Rules of Civil Procedure or Fed. R. Civ. P. 23 must be denied, because the proposed class is not so numerous that joinder of all class members is impractical, there are fact issues that are not common to the class, the claims of the representative party may not be typical of the claims of the class, and the representative party may not fairly and adequately protect the interests of the class.

10. Plaintiff is not entitled to punitive damages, and the imposition of punitive damages in this action would violate the Constitution of the United States. An award of punitive damages would bear no reasonable relationship to any alleged harm and damage Plaintiff allegedly suffered and/or to the alleged conduct of Defendant because Plaintiff has no actual damages.

11. If this Court concludes that the Complaint, or any subsequent Complaint, was filed in bad faith or for purposes of harassment, Defendant may be awarded attorney's fees reasonable in relation to the work expended as authorized in 15 U.S.C. §§ 1681n(c) or 1681o(b).

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety with prejudice, tax all costs against Plaintiff, award Defendant attorneys' fees incurred in this matter, and grant Defendant such other and further relief that the Court deems proper.

November 2, 2017

                Respectfully submitted,

                STINSON LEONARD STREET LLP

                */s/ Robin K. Carlson*
                Robin K. Carlson    MO #57243
                Christopher J. Leopold  MO #51407
                1201 Walnut, Suite 2900
                Kansas City, Missouri 64106-2150
                (816) 842-8600 telephone
                (816) 691-3495 facsimile
                robin.carlson@stinson.com
                chris.leopold@stinson.com

                ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2017, a copy of the above and foregoing was served via the Court's electronic case filing system on the following counsel of record:

Charles Jason Brown
Jayson A. Watkins
BROWN & WATKINS LLC
301 S. US 169 Highway
Gower, MO 64454
(816) 505-4529 telephone
(816) 424-1337 facsimile
brown@brownandwakins.com
watkins@brownandwatkins.com

Attorney for Plaintiffs

>*/s/ Robin K. Carlson*
> Attorney for Defendant